# Reiber, Appellant, *v.* Butler & Pittsburg Railroad Company.

*Railroads—Eminent domain—Charge—Land suitable for business purposes.*

In a proceeding against a railroad company for land damages, it is not improper for the court to charge that " the jury may take into consideration any purpose for which the land had value at the time of the entry of the railroad company, its quantity, its location with reference to other improvements, its adaptability for particular purposes, giving it value, but it would be improper to arrive at the amount of damages by estimating the number of lots into which the whole tract or any part of it might be divided, and then estimating what such lots might in the future be sold for and considering how the location of the road might affect the value of such lots."

Argued Oct. 23, 1901. Appeal, No. 98, Oct. T., 1901, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1898, No. 14, on verdict for plaintiff in case of George Reiber v. The Butler & Pittsburg Railroad Company with notice to the Pittsburg, Bessemer & Lake Erie Railroad Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Appeal from award of viewers. Before Criswell, P. J.

At the trial it appeared that the railroad company had constructed its railroad over plaintiff's land which was partly within the borough of Butler and partly in Butler township.

The court charged in part as follows :

[And in this case it is proper for you to take into consideration the proximity of this land to and its contact with the borough. And it is proper for you to take into consideration any fact which may tend to add a value to that land. If any part of it was then valuable as building lots, and that fact added a value to the land, it is proper for you to take that into consideration, and if the location and construction of the defendant's railroad across this land destroyed it in part, or took away any part of this land which might have had or had value for that purpose, it is proper for you to take that fact into

consideration. It is not proper for you in determining the value, or the amount of damages sustained by the plaintiff, to take the estimate of any one as to how many lots might be laid out upon the premises, and what these lots might have sold for in the event of their being sold. That would be fixing a measure of damages not as of the date of entry but as of a future time, but your duty is to fix the measure of the damages sustained by the plaintiff at the time of the entry, and as we have said, anything that then added value to the land and any injury then sustained, must be taken into consideration by you.] [1]

Defendant's point was as follows:

[4. The jury should exclude from their consideration all the evidence showing how many building lots that part of the land located in the borough of Butler could be divided into and what such lots would be worth separately, as speculative and conjectural. They are to inquire what the whole tract was worth before it was touched by the railroad, and what it was worth as affected by the location of the railroad, and not any particular part. *Answer:* Affirmed with this qualification, that the jury may take into consideration any purpose for which the land had value at the time of the entry of the railroad company, its quantity, its location with reference to other improvements, its adaptability for particular purposes giving it value, but it would be improper to arrive at the amount of damages by estimating the number of lots into which the whole tract or any part of it might be divided and then estimating what such lots might in the future be sold for and considering the location of the road might affect the value of the lots.] [2]

Verdict and judgment for plaintiff for $5,150.50. Plaintiff appealed.

*Errors assigned* among others were (1, 2) above instructions, quoting them.

*T. C. Campbell*, with him *James B. McJunkin* and *James M. Galbreath*, for appellant.

*Lev. McQuistion*, for appellee.

Per Curiam, November 8, 1901:

The charge to the jury was impartial and plain, and laid down the correct rule as to the general facts bearing on the present value of the land, but excluding particular uses which might or might not be made in the future. We therefore dismiss all the specifications.

Judgment affirmed.