## Gearhart *v.* Clear Spring Water Company, Appellant.

*Water Companies—Condemnation of land—Damages—Evidence—Opinions of witnesses.*

Where a water company takes for a reservoir land which is part of the bottom of a natural basin situated in an elevated and mountainous section of the country, it is proper to permit witnesses to give their opinion of the value of the land, who testify that they are engaged in the ice business, that there is a demand for land, on which pools for the formation of ice may be made, and that they know the market value of land adapted to this use, although they have but little knowledge of the value of land for farming.

The probable returns from an investment in land because of the use which may be made of it, is a consideration which enters into an intelligent estimate of its value, and is entirely distinct from an estimate based on the profits of a business which may be conducted upon it.

Argued March 11, 1902.   Appeal, No. 344, Jan. T., 1901, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1900, No. 16, on verdict for plaintiff in case of Cicero Gearhart v. Clear Spring Water Company.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Appeal from report of viewers.   Before CRAIG, P. J.

At the trial Stewart Flagler was asked this question:

" Q. Do you know the market value of lands that have been taken for the formation of ice pools on the Pocono mountain and at Saylorsburg? "

Mr. Palmer:  Objected to for the reason that it has not been shown in this case that the tract of land in question could have been used for ice purposes.

The Court:  I think they may ask that question.   Objection overruled, bill sealed for the defendant.   The court thinks the question is proper as it cannot control counsel in the order of

producing their testimony as this appears simply to be an introductory question as to the qualification of the witness. [4]

"A. I do.  Q. What in your opinion, Mr. Flagler, was the market value of this piece of land in question at and immediately before its appropriation by the Clear Spring Water Company?"

Mr. Palmer: The question is objected to by the defendant for the reason that the witness has not shown himself to be properly qualified as a competent witness upon real estate values to answer the question.  The rule is that the market value is estimated upon a fair consideration of the land, the extent and condition of its improvements, its quantity and productive qualities and the uses to which it may reasonably be applied, taken with the general selling price of lands in the neighborhood at the time.  In order to take into consideration the general selling price of lands in the neighborhood at the time, the witness must show that he knows such selling price by knowing of sales which have taken place and the prices which they brought and that the lands were similar to the lands in question and that he received his information from the buyer or the seller.  This witness has sworn that he only knows of three sales of land in Jackson township, two of them to the defendant company.  He can't tell the acreage of the one nor the price of the other and he does not know who told him about either sale.  The third sale he knows of in Jackson township, he can't tell the acreage, he doesn't know the seller, he does not know the character of the land, he does not know how much it brought and he received no information relative to it from either the buyer or the seller. The information which he has as to sales in other parts of the county are as to sales too far remote from the lands in question, nor are they lands similar to the lands in question.  In addition to these objections the witness has not shown that he knows the uses to which the tract of land may reasonably be applied.

The Court: The objection overruled and bill sealed for the defendant. [5]

Amzi B. Wyckoff was asked this question:

"Q. Now, Mr. Wyckoff, from your general knowledge of the price of lands, your opinion in regard to the value of lands in the township of Jackson, and from your knowledge of similar pieces of land used for similar purposes, in and connected with the ice plants on the Pocono mountain, what in your

opinion was the market value of this piece of nine acres and fifty perches, appropriated and condemned by the Clear Spring Water Company?

Mr. Palmer: Objected to by the defendant for the reason that the witness has not shown himself properly qualified to answer the question. He does not have a sufficient knowledge of the market value of lands in the neighborhood to give an opinion as to the market value of the land in question. He has sworn that he knows of no sales in Jackson township, and only knows of two options; in other words he knows only of the prices at which two landholders held their lands. He has also testified that the conditions on the Pocono mountain are essentially different from the conditions at Reeders, and that an estimate of value based upon such knowledge would not help a man much to fix the market value at a lower point of elevation.

The Court: I am disposed to admit the evidence. Objection overruled and bill sealed for defendant. [8]

Isaiah Butts was asked this question:

" Q. Then Mr. Butts, don't you think that the advantageous position of that piece of land, as it there lay, necessary for the formation of this pool, gave it a market value far above what it might be used for in an ordinary way?

Mr. Palmer: Objected to for the reason that the only test is the market value of this piece of land. The witness has sworn that he bases his estimate of the market value upon the selling price of other lands in that neighborhood, some of which were just as necessary to the construction of this dam as shown by the evidence, as the lands in question.

The Court: Objection overruled. Bill sealed for the defendant. [15]

" A. Ordinary way. Meaning farming way, outside of the ice business does it mean? Worth more, of course, for an ice plant than it would be for anything else."

The court charged in part as follows:

[If, however, at that time, it was adapted for ice purposes, was ripe for it, under the general surroundings and conditions of things as they existed there, then you may take that into consideration in forming the general market value in this case.

As I said to you, gentlemen of the jury, the whole contention of both sides seems to assume that the property was in that condition and the simple question is as to the evidence bearing upon this market value; under those conditions the one side contending that it did not exceed $400, the other side contending that it did not exceed $5,000.] [18]

Verdict and judgment for plaintiff for $3,000.    Defendant appealed.

*Errors assigned* were (4, 5, 8, 15) rulings on evidence, quoting the bill of exceptions; (18) portion of charge as above, quoting it.

*A. Mitchell Palmer*, with him *H. C. Reynolds*, for appellant.— At the time this property was appropriated by the defendant company, it could not ever have been used by the plaintiff or any one else as a part of an ice dam, and we submit that its value as a necessary part of an ice dam should not have been given in evidence as the market value of the land, because the real question is as to the market value of the land at the time of the taking : Penna. Schuylkill Valley R. R. Co. v. Cleary, 125 Pa. 442; Warden v. Phila., 167 Pa. 523.

The speculative value of the land cannot be considered : Shenango & Allegheny R. R. Co. v. Braham, 79 Pa. 447 ; Lee v. Springfield Water Co., 176 Pa. 223 ; Harris v. Schuylkill, etc., R. R. Co., 141 Pa. 242 ; Montgomery County v. Schuylkill Bridge Co., 110 Pa. 54 ; West Chester, etc., Plank Road Co. v. Chester County, 182 Pa. 40 ; Penna. Schuylkill Valley R. R. Co. v. Cleary, 125 Pa. 442.

*Charles B. Staples*, with him *Wilton A. Erdman*, for appellee.—In estimating the damages the jury are not to be limited to any particular use of the land : Shenango & Allegheny R. R. Co. v. Braham, 79 Pa. 447 ; Cummings v. Williamsport, 84 Pa. 472; Allegheny v. Black, 99 Pa. 152; Harris v. Schuylkill, etc., R. R. Co., 141 Pa. 242 ; Wilson v. Equitable Gas Co., 152 Pa. 566 ; Penna. S. V. R. R. Co. v. Cleary, 125 Pa. 451 ; Walker v. South Chester R. R. Co., 174 Pa. 288 ; Reiber v. Butler & Pittsburg R. R. Co., 201 Pa. 49.

The plaintiff's witnesses were experts in the full sense of the

word and were especially qualified to speak upon the subject to which their attention was called: Struthers v. Phila., etc., R. R. Co., 174 Pa. 291 ; O'Brien v. Schenley Park, etc., Railway Co., 194 Pa. 336.

OPINION BY MR. JUSTICE FELL, April 21, 1902:

It is conceded that the law as to the assessment of damages for land taken under the power of eminent domain was correctly stated in the charge. The specifications of error relate to the incompetency of the plaintiff's witnesses to testify as experts, and to the reception of testimony as to value which it is claimed was purely speculative. The land in question was part of the bottom of a natural basin situated in an elevated and mountainous section of country, and it was taken by the corporation, defendant, for the purpose of building a reservoir for the collection and storage of water. It had but little value as farm land, or for any purpose other than that for which it was taken, but for that purpose it was valuable as without it a reservoir could not be built at that place.

The attempt on the part of the defendant at the trial was to limit the proofs to the value of farm land in the vicinity, on the theory that this piece of land had no other value, as the defendant owned or had obtained options on the land which surrounded it, without which this piece could not be used in the building of a reservoir. The plaintiff's witnesses were men who were engaged in the ice business in the county. There was a demand for land on which pools for the formation of ice could be made, and they knew the market value of land adapted to this use while they had but little knowledge of the value of land for farming. It is evident that they were competent witnesses. Here was a new use which created a market for land, with which its value for cultivation had nothing to do. The location alone fixed the value. Whether the land was available for the use testified to was a question of fact, and the argument directed to the court against the admission of the testimony should have had great weight with the jury in determining the value. The question was submitted with instructions that if the land by itself could not be used for building a reservoir, an estimate of its value for that use in connection with other properties which the plaintiff did not

own and could not acquire, should be disregarded by the jury. This instruction was quite as favorable as the defendant was entitled to.

The estimate objected to as speculative was not as in Hamilton v. Pittsburg, etc., Railroad Co., 190 Pa. 51, based on the expectation of future profits of an established business nor on the profits of a business which might be established at this place, but on the adaptibility of the land to a business purpose. The probable returns from an investment in land because of the use which may be made of it is a consideration which enters into an intelligent estimate of its value, and is entirely distinct from an estimate based on the profits of a business which may be conducted on it.

The judgment is affirmed.