|     |     |
| --- | --- |
| 212 | 53  |
| 213 | ²441 |

# McGroarty v. Lehigh Valley Coal Company, Appellant.

*Trespass—Damages to land—Elements of damages—Evidence.*

In an action of trespass to recover damages for injuries to land caused by flooding, the trial court commits no error in permitting witnesses for plaintiff to testify as to the value of the land, where it appears that such witnesses have knowledge of value of lands in the vicinity, and particular knowledge of the land in question, of the damage which it sustained, and of its availability for building purposes.

The fact that such land had never been plotted, or put in the market for building lots, although it should make the jury shy of that element of the damages claimed, does not of itself make its availability for that purpose inadmissible. Any present or proximate use to which land is likely to be put, though not by itself a criterion of damages, is an element of its value, and may be shown as such.

Argued April 11, 1905.    Appeal, No. 269, Jan. T. 1904, by defendant, from judgment of C. P. Luzerne Co., May T., 1902, No. 42, on verdict for plaintiff in case of Mary A. McGroarty v. Lehigh Valley Coal Company.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for injuries to land caused by flooding from a coal washery.    Before FERRIS, J.

The plaintiff called a number of witnesses as to value, who qualified by stating that they were familiar with the value of lands in the neighborhood, knew the particular land in question, of the character of the injury done to it, and of its availability for building purposes.

Verdict and judgment for plaintiff for $1,731.81.    Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*J. B. Woodward*, of *Woodward, Darling & Woodward*, and *H. W. Palmer*, for appellant.

*John T. Lenahan*, with him *John F. Shea*, for appellee.

PER CURIAM, May 8, 1905:

The witnesses whose testimony was received as to the value of the land, its availability for sale for building purposes and

the extent of the damage inflicted by the overflow from appellant's premises, all had such knowledge of the subject as could be fairly expected as to such matters in that neighborhood. The value of their testimony was for the jury.

The fact that the land had never been plotted or put in the market for building lots, though it should have made the jury shy of that element of the damages claimed, did not of itself make its availability for that purpose inadmissible. Any present or proximate use to which land is likely to be put, though not by itself a criterion of damages, is an element in its value and may be shown as such. We have examined the evidence in the present case with care to see if the jury were allowed to estimate the damages on a separate basis of the injury to plaintiff's land as building lots. But we do not find that they were permitted by the charge to go beyond the consideration of such use only as one of the elements of value. To that extent they were entitled to go : Reiber v. Butler, etc., R. R. Co., 201 Pa. 49 ; Gearhart v. Clear Spring Water Co., 202 Pa. 292. The verdict appears to us grossly excessive, but as that is a matter of which the court below was in better position to judge than we can be, we should not be justified in interfering with the judgment on this ground.

Judgment affirmed.