SPORTS & EXHIBITION AUTHORITY OF PITTSBURGH ALLEGHENY COUNTY f/k/a Public Auditorium Authority of Pittsburgh and Allegheny County (Former owner Stadium Authority of the City of Pittsburgh from the decision of the Board of Property Assessment, Appeals Review and Registry as to property designated in the City of Pittsburgh, 22nd Ward, as Block & Lot 7–M–76.

County of Allegheny, City of Pittsburgh, School District of Pittsburgh and Board of Property Assessment, Appeals, Review & Registry.

Appeal of Sports and Exhibition Authority of Allegheny County.

Sports & Exhibition Authority of Pittsburgh Allegheny f/k/a Public Auditorium Authority of Pittsburgh and Allegheny County (Former Owner Stadium Authority of the City of Pittsburgh from the decision of the Board of Property, Assessment, Appeals Review and Registry as to property designated in the City of Pittsburgh, 22nd Ward, as Block & Lot 8–L–180.

County of Allegheny, City of Pittsburgh, School District of Pittsburgh and Board of Property, Assessment, Appeal, Review & Registry.

Appeal of the Sports & Exhibition Authority of Allegheny County.

Sports & Exhibition Authority of Pittsburgh Allegheny f/k/a Public Auditorium Authority of Pittsburgh and Allegheny County (Former Owner Stadium Authority of the City of Pittsburgh from the decision of the Board of Property, Assessment, Appeals Review and Registry as to property designated in the City of Pittsburgh, 22nd Ward, as Block & Lot 8–L–40, 8–L–40A and 8–L–41.

County of Allegheny, City of Pittsburgh, School District of Pittsburgh and Board of Property, Assessment, Appeal, Review & Registry.

Appeal of the Sports & Exhibition Authority of Allegheny County.

Sports & Exhibition Authority of Pittsburgh Allegheny County f/k/a Public Auditorium Authority of Pittsburgh and Allegheny County (Former Owner Stadium Authority of the City of Pittsburgh from the decision of the Board of Property, Assessment, Appeals Review and Registry as to property designated in the City of Pittsburgh, 22nd ward, as block & Lot 8–L–45, 8–L–47, 8–L–65, 8–L–68, 8–G–119 and 8–G–123.

County of Allegheny, City of Pittsburgh, School District of Pittsburgh and Board of Property, Assessment, Appeals, Review and Registry.

Appeal of the Sports Exhibition Authority of Allegheny County.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.

Decided Nov. 20, 2001.

Ira Weiss, Pittsburgh, for appellants.

Craig C. Stephens, Pittsburgh, for appellees.

Before PELLEGRINI, J., FLAHERTY, Senior Judge and RODGERS, Senior Judge.

FLAHERTY, Senior Judge.

The Sports & Exhibition Authority of Pittsburgh, Allegheny County (Authority) appeals from the order dated December

13, 2000 of the Court of Common Pleas of Allegheny County (trial court) which determined that the Sports Authority was not exempt from real estate taxes for the year 1999.

Prior to December 31 of each year, the real property in Allegheny County is assessed for the following year, the results are correlated and are accessible by the municipalities, school districts and general public. January 1, 1999 is the official date of assessment (date of assessment) in the case *sub judice.* Certain properties (Properties) were purchased after the date of assessment by the Authority, an agency of the Commonwealth created under the provisions of the Public Auditorium Authorities Law (Law), Act of July 29, 1953, P.L. 1034, *as amended,* 53 P.S. § 23841 et seq. The Properties were part of an assemblage of properties upon which PNC Park and the Steelers Stadium were to be erected in the 22 nd Ward of the City of Pittsburgh. The Authority reimbursed the previous owners for the 1999 real estate taxes paid through the times of the closings.

■ The Authority petitioned for real estate tax exemption for the years 1999 and continuing. The Board of Property, Assessment, Appeals, Review and Registry (Board) determined that the Properties were not exempt from taxation for the year 1999 but were immune from taxation for the years 2000 and thereafter. The Authority appealed to the trial court that part of the decision that found the Authority not tax exempt for the year 1999. The trial court affirmed the Board and the Authority appealed to this Court.[1]

The Authority contends that the trial court erred in determining that the Au-

thority was not tax exempt for the 1999 real estate taxes on the Properties, as the Authority is immune from taxation as a result of the Law.

Section 16 of the Law provides that:

The effectuation of the authorized purpose of Authorities created under this act shall and will be in all respects for the benefit of the people of the Commonwealth of Pennsylvania, for the increase of their commerce and prosperity and for the improvement of their health and living conditions, and since such Authorities will be performing essential governmental functions in effectuating such purposes, such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used or permitted to be used by them for such purposes, and the bonds issued by any Authority, their transfer and the income therefrom (including any profits made on the sale thereof), shall at all times be free from taxation within the Commonwealth of Pennsylvania.

53 P.S. § 23856. The trial court found that the Authority is only immune from taxation for the years 2000 and beyond.

■ In reviewing the tax status of the Authority's purchase year, 1999, we agree with the trial court that there is no exemption from taxation. Although the Law grants the Authority a tax exemption, it does not specify when that exemption takes place. The case law fills the gap. It is well settled that "the taxable status of property is determined as of the time when the assessment is levied and the tax is due, and even if during the year the property is transferred to an owner in

---

1. Our review is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Walnut–Twelve Associates v. Board of Revision of*

*Taxes of the City of Philadelphia,* 131 Pa. Cmwlth. 404, 570 A.2d 619, 622 (1990), *petition for allowance of appeal denied,* 525 Pa. 652, 581 A.2d 577 (1990).

whose hands it is exempt, the exemption is not retroactive, but on the contrary does not commence until the next following date of assessment." *William G. Halkett Co. v. City of Philadelphia*, 115 Pa.Super. 209, 175 A. 299 (1934).

In *Title Services, Inc. Tax Assessment Case. Allegheny Center Associates Tax Assessment Case*, 433 Pa. 535, 252 A.2d 585 (1969), a taxpayer purchased real estate from a tax-exempt organization after the annual tax assessment date. The taxpayer argued that the real estate should remain tax-exempt for the year of purchase, as the property had been assessed and fixed for that year. Our Supreme Court reasoned that since a property that is taxable on the date of assessment remains taxable for the entire year, a property that is tax exempt on the date of assessment must remain tax exempt for the entire year.

There is good reason to have the date of assessment establish the date property becomes tax exempt. Local units of government rely upon the total assessed value of the real properties within their jurisdiction when setting the millage and levying their real property taxes to balance their budget. If they were unable to depend upon the stability of the assessed values of real estate because of exemptions taking effect during the taxable year after the date of assessment, fiscal uncertainty would result thereby placing an onerous burden on the local officials who have enough difficulty balancing their budgets under the present system.

In the present controversy, the Authority purchased the Properties from property owners who were not immune from taxation after the date of assessment. Thus, the Authority is liable for the real estate taxes for the purchase year since the purchase was made after the date of assess-ment. Accordingly, we affirm the decision of the trial court.

Judge McGINLEY did not participate in the decision in this case.

### ORDER

AND NOW, this 20th day of November, 2001 the order of the Court of Common Pleas of Allegheny County in the above captioned matter is affirmed.