**In Re: Appeal of JUBILEE MIN-ISTRIES INTERNATIONAL.**

**Appeal of: Lawrence County Board of Assessment Appeals.**

Commonwealth Court of Pennsylvania.

Argued April 20, 2010.

Decided July 16, 2010.

Thomas W. Leslie, New Castle, for appellant.

James W. Manolis, New Castle, for appellee.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Appellant Lawrence County Board of Assessment Appeals (the Board) appeals from an order of the Court of Common Pleas of Lawrence County (trial court), dated August 31, 2009. The Board granted the tax assessment appeal of Jubilee Ministries International (Jubilee Ministries) for certain properties (Properties), effective the date of the Board's decision. Jubilee Ministries appealed to the trial court, challenging the *effective date of tax exempt status.* The trial court sustained the appeal and determined the effective date of the tax exempt status to be March 19, 2008, the date that Jubilee Ministries acquired the Properties and began using them for church-related purposes. We now affirm.

The facts of this case are undisputed and are set forth in a joint stipulation of counsel. (Reproduced Record (R.R.) at 4–10.) On March 19, 2008, Jubilee Ministries, a church organization,[1] purchased the Properties[2] in Lawrence County. Since acquisition of the Properties, Jubilee Ministries has used the Properties for church-related activities and activities necessary for the operation of a church as a place of worship. Prior to Jubilee Ministries' acquisition of the Properties, from January 1, 2008, to March 19, 2008, the Properties were owned by the Roman Catholic Diocese of Pittsburgh but were not being used for church-related purposes and were subject to real estate tax.

The Board requires that all applications for exemption be made before September 1 of each year, consistent with Pennsylvania law, with hearings before the Board being held no sooner than October 1.

On July 25, 2008, Jubilee Ministries filed with the Board an application for exemp-tion from real property tax relative to the Properties.[3] A hearing was conducted on October 1, 2008. On October 3, 2008, the Board issued individual decisions granting tax exempt status to each of the Properties "from this point forward." (R.R. at 16a–20a.)

Jubilee Ministries appealed to the trial court, challenging the effective date of the tax exempt status. Counsel briefed the matter and filed a joint stipulation of facts pursuant to an order of the trial court. Thereafter, the trial court denied the appeal by order dated April 24, 2009. Jubilee Ministries sought reconsideration, and the trial court granted reconsideration.[4] Following argument, the trial court granted the appeal by order and opinion dated August 31, 2009, thereby establishing the effective date of the tax exemption to be March 19, 2008 (the date Jubilee Ministries acquired the Properties). The Board then appealed to this Court.

On appeal,[5] the Board argues that the trial court erred when it interpret-

1. Jubilee Ministries is a nonprofit corporation that is exempt from Federal taxation pursuant to Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).

2. The Properties are identified with the following Parcel ID Nos.: 08–083500, 08–073500, 08–071400 and 08–048300.

3. The real estate taxes at issue are for the County of Lawrence (2008), City of New Castle (2008), and New Castle School District (July 1, 2007 through June 30, 2008).

4. Initially, by order dated April 24, 2009, the trial court denied the appeal of Jubilee Ministries. In reaching its conclusion, the trial court analyzed two Commonwealth Court cases, *Atlantic City Electric Company v. United School District*, 780 A.2d 766 (Pa.Cmwlth. 2001), *allocatur denied*, 572 Pa. 759, 818 A.2d 505 (2003), and *Appeal of Sports and Exhibition Authority of Pittsburgh Allegheny County*, 789 A.2d 316 (Pa.Cmwlth.2001), the latter of which applied what is commonly known as the Tax Assessment Day Rule. The two cases

appeared to be in conflict. In its application for reconsideration, Jubilee Ministries revealed to the trial court that upon further consideration and reflection, it is apparent that *Appeal of Sports Exhibition Authority* is not applicable and, therefore, does not present a decision contrary to the decision in *Atlantic City Electric Company*. *Appeal of Sports Exhibition Authority* dealt with a second class city (City of Pittsburgh) and a second class county (Allegheny County), whereas *Atlantic City Electric Company* dealt with the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–101 to –602, and the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–.706, which are at issue in the appeal of Jubilee Ministries. For that reason, the trial court granted reconsideration.

5. The scope of review in a tax assessment appeal is restricted to a determination of whether the trial court committed an error of law or abused its discretion. *Bolus v. County*

ed Section 701 of the Fourth to Eighth Class County Assessment Law,[6] to require the Board to establish an effective date for tax exempt status earlier than the date of the Board's decision.

Lawrence County is a fifth class county, and its assessment of real property taxes is governed by the General County Assessment Law and the Fourth to Eighth Class County Assessment Law, both of which were amended in 1978. Before the amendments to the General County Assessment Law and the Fourth to Eighth Class County Assessment Law, case law developed what was known and employed as the Tax Assessment Day Rule, which essentially provided that the tax status of a property becomes fixed on the day of the assessment and for an entire year. *W.G. Halkett Co. v. City of Philadelphia*, 115 Pa.Super. 209, 175 A. 299 (1934). Under the rule, if the property is taxable on the date of assessment, the tax for the entire year must be paid even if the property becomes tax-exempt during the year. *Id.* at 299. Likewise, property that is tax-exempt at the beginning of the year does not become taxable if it becomes non-exempt during the same tax year. *Appeal of Title Services, Inc.*, 433 Pa. 535, 252 A.2d 585 (1969).

The Fourth to Eighth Class County Assessment Law was amended in 1978, to include, in part, Section 701. Section 701(a.1), 72 P.S. § 5453.701(a.1), provides

for additions and revisions to the tax assessment roll as follows:

> The board is authorized to make additions and revisions to the assessment roll of persons and property subject to local taxation at any time in the year, so long as the notice provisions of this section are complied with. All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared, in addition to being added to the assessment roll for the following calendar or fiscal tax years.[7]

Section 701(b) of the Fourth to Eighth Class County Assessment Law, 72 P.S. § 5453.701(b), provides an avenue for relief for a person aggrieved by a tax assessment as follows:

> Any person aggrieved by any assessment whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest therein, may appeal to the board for relief ... on or before the first day of September....

Additionally, Section 701(c)(6) of the Fourth to Eighth Class County Assessment Law, 72 P.S. § 5453.701(c)(6), provides that "[a]ll appeals shall be heard and acted upon by the board not later than the last day of October."

The Board argues that Section 701(a.1) of the Fourth to Eighth Class County As-

---

*of Monroe*, 168 Pa.Cmwlth. 459, 650 A.2d 1188 (1994).

**6.** Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.701, added by the Act of April 28, 1978, P.L. 119.

**7.** It appears that both the General County Assessment Law and the Fourth to Eighth Class County Assessment Law were amended at the same time to include this same language. *Atlantic City Electric Co.*, 780 A.2d at

769 n. 6; *see* 72 P.S. §§ 5020–505(b) and 5453.701(a.1). In Section 505(b) of the General County Assessment Law, 72 P.S. § 5020–505(b), the term "board" refers to the board of revision or for assessment and revision of taxes. In Section 701(a.1) of the Fourth to Eighth Class County Assessment Law, 72 P.S. § 5453.701(a.1), the term "board" refers to the board of assessment appeals, which is the governing body involved in this case.

sessment Law does not require it to make a property exempt from real estate tax as of date of the purchase; rather, it permits the Board to select an appropriate effective date for tax exempt status. Specifically, the Board contends that the language of that section, which provides *"[t]he Board is authorized to make additions and revisions to the assessment roll of persons and property subject to local taxation at any time in the year"* does not make it "mandatory" for the Board to make tax exemption effective the date of purchase of the property by the tax exempt body. Section 701(a.1) of the Fourth to Eighth Class County Assessment Law (emphasis added.) Rather, the Board contends that the language provides it with the "authority" to determine the exempt status and then to set the effective date as of the date of its decision. The Board further contends that the statute's use of the word "authorized" in reference to the Board's ability "to make additions and revisions" does not require the Board to make the exemption effective during the current tax year. Assuming for purposes of argument only that the language did require the Board to make the exemption effective in the current tax year, the Board contends that it did so when it made the exemption effective the date of its decision. Finally, the Board argues that nothing in the statute requires it to establish the effective date retroactive to the date of purchase of a property.

Jubilee Ministries argues that the Board is "authorized" by Section 701(a.1) of the Fourth to Eighth Class County Assessment Law to grant a request for tax exemption from real property taxation "at any time in the year," and that section requires the Board to revise the assessment roll accordingly. Jubilee Ministries maintains that the statute must be construed, and the authority of the Board must be employed, consistent with applicable principles of statutory construction and constitutional law. It takes the position that the Tax Assessment Day Rule was abrogated with the amendments to the General County Assessment Law and the Fourth to Eighth Class County Assessment Law, particularly the addition of Section 701(a.1) of the Fourth to Eighth Class County Assessment Law. Additionally, Jubilee Ministries contends that where the legislature authorizes a board to do a certain thing, particularly where no statutory guidelines are present, the authority is mandatory and not discretionary. *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A.2d 737 (1942). Based upon that reasoning, Jubilee Ministries contends that the Board was required to grant tax exempt status effective as of the date of Jubilee Ministries' acquisition of the Properties. Finally, Jubilee Ministries argues that the grant of authority must be construed in a way that does not violate the Equal Protection Clause and the Uniformity Clause, which prohibit different treatment of similarly-situated members of a class and require that similarly-situated taxpayers be treated equally and uniformly.

We agree with Jubilee Ministries that the Tax Assessment Day Rule was abrogated by the 1978 amendments to the General County Assessment Law and the Fourth to Eighth Class County Assessment Law. In *Atlantic City Electric Company,* this Court, sitting *en banc,* applied the General County Assessment Law and the Fourth to Eighth Class County Assessment Law to a school district's attempt to impose tax on property owned by an electric generation company. The property at issue previously had been exempt from local real estate taxation, but a change in the act commonly known as the

Public Utility Realty Tax Act (PURTA)[8] subjected certain electric generating property to local taxation effective January 1, 2000, which was in the middle of the school district's tax year. We considered several issues, including whether the Tax Assessment Day Rule prohibited a school district from later imposing an interim tax on real property that was exempt at the time of the district's annual tax levy, and whether a direction to pay real estate tax for only one-half of a year violates principles of uniformity of taxation and equal protection of the laws. In our opinion, we acknowledged that the passage of Section 701(a.1) of the Fourth to Eighth Class County Assessment Law[9] abrogated the Tax Day Assessment Rule:

> [Appellant] also repeats its contention that a change in the taxable status of the property was prohibited by the "tax assessment day rule." It asserts that, although the 1978 amendments to the assessment laws provide for the making of "additions and revisions" to the assessment rolls, they do not expressly authorize changes to the list of properties exempt from or excluded from taxation. The Court disagrees. The plain language of the amendments states that "additions and revisions" authorized "shall be a supplement to the assessment roll *for levy and collection of taxes for the tax year for which the assessment roll was originally prepared*" as well as for later years. 72 P.S. §§ 5020–505(b) and 5453.701(a.1).

*Atlantic City Electric Co.*, 780 A.2d at 772, n. 8 (emphasis in original).

We further agree with Jubilee Ministries that Section 701 of the Fourth to Eighth Class County Assessment Law must be interpreted to impose a mandatory duty on the Board to grant tax exempt status in a non-discretionary and non-arbitrary manner. Our Supreme Court's opinion in *Hotel Casey Co. v. Ross*, 343 Pa. 573, 23 A.2d 737 (1942), guides us in our interpretation. In *Hotel Casey*, the Supreme Court reviewed an order of the Court of Common Pleas of Dauphin County that quashed a writ of mandamus in a matter seeking to require the Board of Finance and Revenue to refund taxes paid for prior years under an erroneous interpretation of the taxing statute. The Supreme Court noted that the taxes were paid voluntarily, although they were not legally due under the law as declared in a recent earlier case of the Supreme Court. In the absence of any refunding statute, the common law rule was that taxes paid voluntarily and without protest cannot be recovered. The Supreme Court noted, however, that the General Assembly had passed certain statutes to address this type of situation. Relevant to the situation in *Hotel Casey*, the General Assembly enacted Section 503 of the Fiscal Code,[10] which provided at the time, in part, that the Board of Finance and Revenue "shall have the power, and its duty shall be, (a) To hear and to determine any petition for the refund of taxes, license fees, penalties, fines, bonus, or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled, and, upon the allowance of any such petition, to refund such

---

**8.** Article XI–A of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, added by Section 3 of the Act of July 4, 1979, P.L. 62, 72 P.S. §§ 8101–A—8110–A.

**9.** The Board argues at one point in its brief (p. 14) that the most reasonable interpretation of the statute is that the Tax Assessment Day Rule still applies unless the Board uses its authority to make interim changes.

**10.** Act of April 9, 1929, P.L. 343, *as amended* by the Act of June 6, 1939, P.L. 261, 72 P.S. § 503.

taxes." *Hotel Casey*, 343 Pa. at 575, 23 A.2d at 739.

In addressing an argument that the legislature had delegated to the Board of Finance and Revenue complete and final discretionary authority to determine what, if any, refunds shall be made to taxpayers, the Supreme Court in *Hotel Casey* considered whether certain words of a permissive nature should be interpreted as being mandatory or imperative in the context of the tax refunds at issue in that case. The Supreme Court wrote:

> Section 503, while giving the board the power, at the same time made it its duty "to hear and determine any petition for the refund of taxes ... paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled", and likewise made it its duty upon the allowance of such petition "to refund such taxes ... or to credit the account of the [taxpayer] entitled to the refund." It is a duty that is placed upon an agency of the state which implies more than mere permissive authority. It would seem both illogical and unreasonable to assume that, when the legislature attempted to correct a rigor of the law that caused an injustice and in so acting made it the duty of one of its fiscal agents to determine whether a tax had been collected to which the state was not rightfully or equitably entitled and made specific provision for a refund or credit in the event of such a finding, it intended only such illusory relief as would leave the granting of the refund to the unlimited discretion of the agency.
>
> While such words as "authorized" and "empowered" are usually words of permission merely and generally have that

sense when used in contracts and private affairs, when they are used in statutes they are frequently mandatory and imperative.

 . . .

We therefore hold that if an application is made for a refund under § 503 of the Fiscal Code within the period of limitations fixed thereby and it appears that there was a tax paid to the Commonwealth to which the Commonwealth was not equitably or rightfully entitled, the provision for a refund or credit is mandatory.

*Hotel Casey*, 343 Pa. at 578–80, 23 A.2d at 740–41.

In the case now before us, the Board takes an overly expansive view of its discretion. Section 701 of the Fourth to Eighth Class County Assessment Law provides taxpayers with the ability to appeal if they are aggrieved by an assessment. It specifically provides that appeals are to be filed by September 30, and the Board must issue a decision by October 30. The Board is authorized to grant or deny tax exempt status, but its authority is not "discretionary" under these circumstances. A property either qualifies for tax exempt status or it does not. The second sentence of Section 701(a.1) of the Fourth to Eighth Class County Assessment Law, moreover, contains clearly mandatory language when it states that "[a]ll additions and revisions *shall be* a supplement to the assessment roll for levy and collection of taxes *for the tax year for which the assessment roll was originally prepared, in addition to being added to the assessment roll for the following calendar or fiscal tax years.*" [11] (Emphasis added). The Board, therefore, does not have unfettered discretion to grant a

---

11. This language negates the subtle argument of the Board that although it may determine that tax exempt status is warranted, it has the discretion to decline to revise the assessment for budget reasons or minimize the impact of such a determination by providing a later effective date, thereby allowing it to collect taxes to which it is not entitled.

request for exemption for some and not others who are similarly situated. Likewise, if the Board grants a request for exemption, it does not have the discretion to arbitrarily select any date on which the revisions will take effect.

For the above reasons, we are persuaded by the arguments of Jubilee Ministries. The Property met the requirements for exemption on March 19, 2008, and the Board was required to grant tax exempt effective that date. To permit the Board to collect taxes based upon an assessment on an exempt property and generate revenue to which it is not otherwise entitled on an entirely discretionary and arbitrary basis would be contrary to the provisions of Section 701(a.1) of the Fourth to Eighth Class County Assessment Law.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 16th day of July, 2010, the order of the trial court is hereby AFFIRMED.