**GLOBAL LINKS, Appellant**

v.

**KEYSTONE OAKS SCHOOL DIS-TRICT, The County of Allegheny, and Borough of Greentree.**

Commonwealth Court of Pennsylvania.

Argued April 13, 2015.

Decided May 8, 2015.

Michael A. Magee, Pittsburgh, for appellant.

M. Janet Burkardt and James P. McGraw, Pittsburgh, for appellees.

BEFORE: DAN PELLEGRINI, President Judge, and RENÉE COHN JUBELIRER, Judge, and ROBERT SIMPSON, Judge.

OPINION BY President Judge DAN PELLEGRINI.

Global Links appeals from an order of the Court of Common Pleas of Allegheny County (trial court) affirming the decision of the Allegheny County Board of Property Assessment Appeals and Review's (Board) decision to refuse its property exemption from July 3, 2012, the day that it acquired ownership, based on the Tax As-

sessment Day Rule. Under that Rule, the taxable status of a property becomes fixed as of the date designated by law as assessment day, *i.e.*, January 1 of each year.[1] For the following reasons, we affirm.

The facts of this case are undisputed and are set forth in a joint stipulation of counsel. In Allegheny County, with one exception, the assessment is fixed as January 1 of each year. On July 3, 2012, Global Links, a purely public charity, purchased the property in question (Property)[2] from Trumball Realty Company, a taxable entity. Shortly after the purchase, Global Links sought an exemption from real estate taxes effective as of the purchase date because it was being used for charitable purposes. The Office of Property Assessments for Allegheny County (OPA) approved Global Links' request for tax-exempt status for tax year 2013 and years forward, but denied its request for an exemption for the latter half of the 2012 tax year because Global Links was not the Property's owner as of January 1, 2012.[3]

Global Links then appealed the OPA's denial of its tax-exempt status for the latter half of the 2012 tax year to the Board which agreed with the OPA's determination. Global Links then appealed to the trial court arguing that per *In re Jubilee Ministries International*, 2 A.3d 706 (Pa. Cmwlth.2010),[4] the Tax Assessment Day Rule in Allegheny County was eliminated in 1978 when Section 505(b) was added to the General County Assessment Law[5] allowing for mid-year tax roll revisions when property is exchanged between taxed and tax-exempt entities. That provision provides:

> (b) The board is authorized to make additions and revisions to the assessment roll of persons and property subject to local taxation at any time in the year, so long as the notice provisions are complied with. All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared, in addition to being added to the assessment roll for the following calendar or fiscal tax years.

72 P.S. § 5020–505(b).

■ The trial court affirmed the Board, holding that as a county of the second

---

**1.** As we explained in *In re Appeal of Sports & Exhibition Authority of Allegheny County*, 789 A.2d 316, 319 (Pa.Cmwlth.2001):

There is good reason to have the date of assessment establish the date property becomes tax exempt. Local units of government rely upon the total assessed value of the real properties within their jurisdiction when setting the millage and levying their real property taxes to balance their budget. If they were unable to depend upon the stability of the assessed values of real estate because of exemptions taking effect during the taxable year after the date of assessment, fiscal uncertainty would result thereby placing an onerous burden on the local officials who have enough difficulty balancing their budgets under the present system.

**2.** The property at issue in this dispute is 700 Trumball Drive, Pittsburgh, Pennsylvania, 15205.

**3.** Global Links paid $38,779.44 in taxes that has not been refunded.

**4.** Apparently unhappy with our interpretation, the General Assembly reestablished the Tax Assessment Day Rule by amending the Consolidated County Assessment Law which reads in relevant part:

[F]or purposes of taxation, if there is a change in assessment made by the board as a result of an assessment appeal, a taxing district shall apply the changed assessment in computing taxes imposed in the next fiscal year of the taxing district following the fiscal year in which the board heard the appeal and rendered its decision.

53 Pa.C.S. § 8847(a).

**5.** Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–505(b).

class, Allegheny County was not governed by that provision of the General County Assessment Law, reasoning that if the General Assembly did not include the 1978 amendment in the assessment legislation governing second class counties like it did when simultaneously adding an identical provision to the Fourth to Eighth Class County Assessment Law,[6] then the 1978 amendments were not intended to reach the assessment legislation governing second class counties. This appeal followed.[7]

■ On appeal, Global Links again argues that the Tax Assessment Day Rule in Allegheny County was eliminated in 1978 when Section 505(b) was added to the General County Assessment Law which we held in *In re Jubilee Ministries International* eliminated the Tax Assessment Day Rule and allowed mid-year tax roll revisions when property is exchanged between taxed and tax-exempt entities. The taxing bodies, however, contend that the law relating to assessments in second class counties was unaffected by the 1978 amendments to the General County Assessment Law, and the Tax Assessment Day Rule remains as governing law in Allegheny County.

The General County Assessment Law applies to counties of the second class except where the act often referred to as the Second Class County Assessment Law[8] is inconsistent with its provisions.[9] The question then becomes whether the Second Class County Assessment Law has provisions that are inconsistent with Section 505(b) of the General County Assessment Law that deals with the revision of taxes.

Section 10 of the Second Class County Assessment Law deals with the revision of assessments, the same subject matter that Section 505(b) of the General County Assessment Law addresses. *See* 72 P.S. § 5452.10. It provides, in relevant part:

(a) The board shall, as provided by this act and by the provisions of existing law, examine and revise the assessments and valuations, increasing or decreasing the same as in their judgment may seem proper, and shall add thereto such property or subjects of taxation as may have been omitted.

\*     \*     \*

(g) Persons who have suffered catastrophic losses to their property shall have the right to appeal before the board, within the remainder of the county fiscal year in which the catastrophic loss occurred, or within six (6) months of the date on which the catastrophic loss occurred, whichever time period is longer. The duty of the board shall be to reassess the value of the property in the

6. Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706. Section 701(a.1) of the Fourth to Eighth Class County Assessment Law, added by the Act of October 5, 1978, P.L. 1138, provides for additions and revisions to the tax assessment roll as follows:
    The board is authorized to make additions and revisions to the assessment roll of persons and property subject to local taxation at any time in the year, so long as the notice provisions of this section are complied with. All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared, in addition to being added to the

assessment roll for the following calendar or fiscal tax years.
72 P.S. § 5453.701(a.1).

7. The scope of review in a tax assessment appeal is limited to a determination of whether the trial court committed an error of law or abused its discretion. *In re Jubilee Ministries International*, 2 A.3d at 708 n. 5.

8. Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.1–5452.20.

9. Section 20 of the Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. § 5452.20.

following manner: the value of the property before the catastrophic loss based on the percentage of the taxable year for which the property stood at its former value, added to the value of the property after the catastrophic loss, based on the percentage of the taxable year for which the property stood at its reduced value. Any property improvements made subsequent to the catastrophic loss in the same tax year shall not be included in the reassessment as herein described for that tax year. Any adjustment in an assessment pursuant to this subsection (1) shall be reflected by the appropriate taxing authorities in the form of a credit for the next succeeding tax year; or (2) upon application by the property owner to the appropriate taxing authorities, shall result in a refund being paid to the property owner at the time of issuance of the tax notice for the next succeeding tax year by the respective taxing authorities. For purposes of this subsection, the phrase "catastrophic loss" shall mean any loss due to mine subsidence, fire, flood or other natural disaster which affects the physical state of the real property and which exceeds fifty percent (50%) of the market value of the real property prior to the loss.

72 P.S. § 5452.10(a), (g).

There is nothing in this provision that allows additions and revisions like Section 505(b) of the General County Assessment Law which we relied upon in *In re Jubilee Ministries International* to find that the Tax Assessment Day Rule was abrogated. Moreover, Subsection (g) of this provision, which provides the sole exception to the Tax Assessment Day Rule for catastrophic loss, shows that for all other purposes, the Tax Assessment Day Rule in Allegheny County was not abrogated by Section 505(b) of the General County Assessment Law. Because Section 10 of the Second Class County Assessment Law is inconsistent with Section 505(b) of the General County Assessment Law, the latter provision does not apply to counties of the second class making *In re Jubilee Ministries International* inapplicable.

In *In re Jubilee Ministries International's* holding that the Tax Assessment Day Rule was no longer the law in fourth through eighth class counties, we commented that the parties in that case did not apparently believe that a similar rule did not apply to second class counties, stating:

Initially, by order dated April 24, 2009, the trial court denied the appeal of Jubilee Ministries. In reaching its conclusion, the trial court analyzed two Commonwealth Court cases, *Atlantic City Electric Company v. United School District,* 780 A.2d 766 (Pa.Cmwlth.2001), [*appeal denied,* [572 Pa. 759] 818 A.2d 505 (Pa.2003) ], and [*In re Appeal of Sports & Exhibition Authority of Allegheny County*[10]], the latter of which applied what is commonly known as the Tax Assessment Day Rule. The two cases appeared to be in conflict. In its application for reconsideration, **Jubilee Ministries revealed to the trial court that upon further consideration and reflection, it is apparent that Appeal of Sports Exhibition Authority is not**

10. We continued to apply the Tax Assessment Day Rule to Allegheny County, a county of the second class, well after the 1978 Amendments stating:

[T]he taxable status of property is determined as of the time when the assessment is levied and the tax is due, and even if during the year the property is transferred to an owner in whose hands it is exempt, the exemption is not retroactive, but on the contrary does not commence until the next following date of assessment.

789 A.2d at 318–19 (citations omitted).

applicable and, therefore, does not present a decision contrary to the decision in Atlantic City Electric Company. [*In re Appeal of Sports & Exhibition Authority of Allegheny County*] dealt with a second class city (City of Pittsburgh) and a second class county (Allegheny County), whereas *Atlantic City Electric Company* dealt with the General County Assessment Law [ ] and the Fourth to Eighth Class County Assessment Law[ ], which are at issue in the appeal of Jubilee Ministries. For that reason, the trial court granted reconsideration.

2 A.3d at 707 n. 4 (emphasis added).

Accordingly, given that Section 505(b) of the General County Assessment Law is inconsistent with Section 10 of the Second Class County Assessment Law, the Tax Assessment Day Rule has not been abrogated in Allegheny County and the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 8th day of *May,* 2015, the order of the Court of Common Pleas of Allegheny County dated July 25, 2014, at No. GD–13–14525, is affirmed.